# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY SCALZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-cv-2625 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Deputy ) | Susan E. Cox |
| Commissioner for Operations for the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Scalzo ("Plaintiff") appeals the decision of the Deputy Commissioner for Operations for the Social Security Administration ("Defendant," or the "Commissioner") to deny his application for disability benefits. The parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's motion is granted [dkt. 14], the Commissioner's motion is denied [dkt. 20], and the case is remanded for further proceedings consistent with this opinion.

Plaintiff suffers from anxiety and depression. (R. 21.) Plaintiff's treating mental health provider is Dr. Rian Rowles, D.O. The record reflects that Plaintiff began treating with Dr. Rowles in January 2006, and continued his treatment as late as January 2014. (R. 486, 596.) A review of the documents shows that Plaintiff's condition fluctuated, but was mostly manageable, for the first several years that Plaintiff treated with Dr. Rowles. (R. 486-499.) In 2009, Plaintiff's condition appeared to worsen. On March 11, 2009, Plaintiff reported that his "depression [was] back significantly." (R. 500.) On January 13, 2010, Dr. Rowles noted that Plaintiff reported that his depression "may be at its worst in a long time." (R. 501.) On October 5, 2011, Plaintiff claimed he had hit "rock bottom," due to a death in the family and ongoing medical issues. (R. 502.) Plaintiff discussed the possibility of undergoing electroconvulsive therapy ("ECT") to treat his depression

with Dr. Rowles at that appointment. (R. 502.) On December 13, 2012, Plaintiff told Dr. Rowles that he had tried ECT, but could not tolerate the treatment anymore after two sessions. (R. 504.)

On November 15, 2014, Dr. Rowles issued a "Mental Health Impairment Narrative" opining on Plaintiff's condition. (R. 598.) Dr. Rowles noted that during Plaintiff's course of treatment, he "has never been free of symptoms and the symptoms in the past several years have become of a severity that he has been unable to work due to being incapacitated by these symptoms." (R. 598.) Dr. Rowles noted that Plaintiff "has been on virtually every different antidepressant medication" and on "multiple mood stabilizers" to no avail, and that his "symptoms were severe enough in December of 2011 that electroconvulsive therapy . . . was tried in an effort to help his severe depression and suicidal thoughts." (R. 598.) Dr. Rowles concluded that, "[a]lthough [Plaintiff's] mental health symptoms can fluctuate in severity, his baseline status as far as mood and anxiety has in my opinion, made it impossible for [Plaintiff] to maintain work." (R. 598.)

Plaintiff filed an application for disability insurance benefits on October 24, 2012. (R. 19.) His application was denied initially on January 24, 2013 and upon reconsideration on June 13, 2013. (R. 19.) Plaintiff requested a hearing before an ALJ, which was held on November 4, 2014. (*Id*.) On September 10, 2015, ALJ Victoria A. Ferrer issued an opinion finding that Plaintiff was not disabled. (R. 19-29.) In reaching this decision, the ALJ considered the opinion of Dr. Rowles. It is unclear what weight the ALJ gave to Dr. Rowles's opinion. At one point, the ALJ stated that she "considered the medical statement from Dr. Rian Rowles who stated that due to the claimant's mood and anxiety and based on the severity of his symptoms and different antidepressant medications, the claimant was unable to maintain work." (R. 27.) The ALJ gave this opinion little weight, because "the doctor's own progress reports failed to show severe symptoms." (R. 27.) The Court notes that the ALJ did not provide a record citation to the medical statement she was considering. The Court has only found one potential medical opinion document, which is the

2

above-referenced Mental Health Impairment Narrative, and the ALJ's description of the "medical statement," corresponds to the information in that document. (*See* R. 27, 598.) Later, the ALJ stated that she had "reviewed the medical statement from Dr. Rian Rowles dated November 2014 and noted his opinion that due to the severity of his mental health symptoms, the claimant was in an incapacitating condition, which left his (sic) disabled with regard to work." (R. 27.) The ALJ gave that opinion "no weight because I find that this opinion is a finding of fact reserved for the Commissioner," and because "this opinion was rendered after the claimant's date last insured and his opinion does not support the doctor's own reports that revealed little evidence of significant symptoms and multiple reports indicating improved symptoms with medications." (R. 27.) It is unclear whether the medical opinion being considered in this section of the ALJ's analysis is different than the previously discussed medical opinion. As noted above, there is only one document containing a medical opinion from Dr. Rowles in the record, and the Court cannot determine whether the ALJ considered the same opinion twice and gave it two different weights. However, as discussed below, that is of no consequence because in either case the ALJ failed to consider the necessary factors in weighing medical opinion evidence.

Social Security regulations direct an ALJ to evaluate each medical opinion in the record. 20 C.F.R. § 416.927(c). Because of a treating physician's greater familiarity with the claimant's condition and the progression of his impairments, the opinion of a claimant's treating physician is entitled to controlling weight as long as it is supported by medical findings and is not inconsistent with other substantial evidence in the record.[1] 20 C.F.R. § 416.927(c)(2); *Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); *Clifford v. Apfel*, 227 F.3d at 870. An ALJ must provide "good reasons" for how much weight he gives to a treating source's medical opinion. See *Collins v.*

---

[1] A recent change to the Administration's regulation regarding weighing opinion evidence will eliminate this rule, commonly known as the "treating physician rule," for new claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5848–49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

*Astrue*, 324 Fed. Appx. 516, 520 (7th Cir. 2009); 20 C.F.R. § 416.927(c)(2) ("We will always give good reasons in our…decisions for the weight we give your treating source's opinion."). When an ALJ decides for "good reasons" not to give controlling weight to a treating physician's opinion, he must determine what weight to give to it and other available medical opinions in accordance with a series of factors, including the length, nature, and extent of any treatment relationship; the frequency of examination; the physician's specialty; the supportability of the opinion; and the consistency of the physician's opinion with the record as a whole. *Yurt v. Colvin*, 758 F.3d at 860; *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); see 20 C.F.R. § 416.927(c)(2)-(6). An ALJ must provide "sound explanation" for the weight he gives each opinion. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). If he does not discuss each factor explicitly, the ALJ should demonstrate that he is aware of and has considered the relevant factors. *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013).

Even if the Court were inclined to find that the ALJ had articulated a "good reason" for giving Dr. Rowles's opinion less than controlling weight, she failed to discuss all of the factors required by the regulations. In particular, the ALJ did not consider Dr. Rowles's specialty as a Doctor of Osteopathic Medicine who was board certified in psychiatry, the length and extent of the treatment relationships between Dr. Rowles and the Plaintiff (over 8 years), or the supportability of his opinion. Of the aforementioned factors, the only factor discussed by the ALJ was Dr. Rowles's consistency with the record as a whole. However, the ALJ is required to consider the record as a whole, not simply the portions of the record that support her opinion. While the ALJ is correct that the record shows that there were instances when Plaintiff's condition improved with medications in the first years Plaintiff treated with Dr. Rowles, the clear trajectory of Plaintiff's mental health shows that it deteriorated significantly beginning in 2009. While it is possible that the ALJ may still find that the medical opinion that Dr. Rowles issued is not consistent with the record as a

4

whole, that does not excuse the ALJ from considering the entirety of that record in reaching that decision. Regardless of whether the ALJ appropriately considered that factor, the ALJ nonetheless failed to consider the value of Dr. Rowles's role as a specialist with a longitudinal view of Plaintiff's mental health conditions. Because the ALJ failed to follow the proper steps in weighing Dr. Rowles's opinion, the ALJ's opinion is reversed, and this case is remanded for further proceedings consistent with this opinion.[2]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is granted [dkt. 14], the Commissioner's motion is denied [dkt. 20], and the case is remanded for further proceedings consistent with this opinion.

ENTER: 5/1/2018

_____
U.S Magistrate Judge, Susan E. Cox

---

[2] Because the Court remands on the basis articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.